Filed 9/29/15  Ikeoka v. U.S. Bank, N.A. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CINDY IKEOKA, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> U.S. BANK, N.A., as Trustee, etc., et al., <br><br> Defendants and Respondents. | H041211 <br> (Monterey County <br> Super. Ct. No. M125555) |

## I.  INTRODUCTION

Appellant Cindy Ikeoka obtained a loan from Chevy Chase Bank, F.S.B. (Chevy Chase Bank) in the amount of $1,470,000.  The loan transaction included an adjustable rate rider and a deed of trust securing the loan on real property in Carmel.  After Chevy Chase Bank increased the minimum monthly payment on the loan, Ikeoka had difficulty making the loan payments and foreclosure proceedings were initiated.  Ikeoka responded by filing the instant action against respondents U.S. Bank, N.A., (U.S. Bank), Mortgage Electronic Registration Systems, Inc. (MERS), and Quality Loan Service Corp. (Quality Loan) in which she alleges that defendants violated the terms of the adjustable rate note by raising the amount of her minimum monthly payment prematurely.  Ikeoka also alleges that defendants do not have the legal authority to foreclose.

The trial court sustained defendants' demurrers to all causes of action included in the complaint without leave to amend and entered a judgment of dismissal.  For the

reasons stated below, we conclude that the trial court did not err and that Ikeoka has not shown on appeal that the complaint may be amended to state a cause of action. We will therefore affirm the judgment of dismissal.

## II. FACTUAL BACKGROUND

Our summary of the facts is drawn from the allegations of the complaint and defendants' request for judicial notice, since in reviewing a ruling sustaining a demurrer without leave to amend we assume the truth of the properly pleaded factual allegations and the matters properly subject to judicial notice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*); *Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 200.)

In 2004 Ikeoka borrowed $1,470,000 from Chevy Chase Bank. The loan transaction included an adjustable rate rider and a deed of trust securing the loan on real property in Carmel. The adjustable rate rider indicated that Ikeoka's minimum monthly payments would be $5,694.29 for the first 60 monthly payments. The deed of trust stated that the Chevy Chase Bank was the trustee and MERS was the beneficiary.

In 2008 a representative of Chevy Chase Bank informed Ikeoka that the bank intended to raise her minimum monthly payment. Ikeoka received a letter from Chevy Chase Bank in August 2008 that stated that her mortgage payment in the amount of $6,843.11 was due on August 1, 2008. Due to the increased amount, Ikeoka began having difficulty making the minimum monthly payments. She requested a loan modification that was refused by Chevy Chase Bank.

Ikeoka continued to seek a loan modification from Chevy Chase Bank. Relying on the bank's representations that she needed to bring her loan current in order to obtain a loan modification, Ikeoka sent $13,686 to Chevy Chase Bank in September 2008. In December 2008 Ikeoka received a letter from Chevy Chase Bank with a payment schedule that she later discovered was "a forebearance and not a loan modification as she had believed."

2

In 2009, Ikeoka became aware that "her loan had been sold to a mortgage-backed securitized trust pool." She then received a notice of transfer of loan servicing rights to Capitol One, N.A. Ikeoka also received a "Notice of Default and Election to Sell Under Deed of Trust," recorded May 20, 2009. The notice stated to arrange for payment to stop the foreclosure, Ikeoka should contact MERS as nominee for U.S. Bank as trustee for the Libor 2005-1 Trust. A notice of trustee's sale was recorded on November 19, 2009.

In January 2011 a notice of rescission of the notice of default and election to sell was recorded. A "Corrective Assignment of Deed of Trust" was recorded in July 2011 that stated that the assignment corrected the full assignee name in the previously recorded assignment. A substitution of trustee was recorded on August 2, 2011, which substituted Quality Loan as trustee under the deed of trust.

Quality Loan recorded a notice of default and election to sell on August 2, 2011. A notice of trustee's sale was recorded by Quality Loan on November 7, 2011, and again on October 17, 2013. The record on appeal does not indicate that a trustee's sale has been held.

### III.  PROCEDURAL BACKGROUND

Ikeoka filed her verified complaint against defendants U.S. Bank, MERS, and Quality Loan in November 2013. The complaint included causes of action for "breach of express agreement," breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, slander of title, violation of Civil Code section 2923.5, violation of 18 U.S.C. 1962 (racketeering), violation of Business and Professions Code section 17200, and injunctive relief.

Defendants demurred to the complaint[1] on the grounds that each cause of action failed to state facts sufficient to constitute a cause of action. Defendants also filed a

---

[1] On our own motion, we take judicial notice of defendants' memorandum of points and authorities in support of demurrer, filed December 26, 2013, which was omitted from the record on appeal. (Evid. Code, § 452, subd. (d)(1).)

3

request for judicial notice of several documents pertaining to Ikeoka's loan transaction. On April 18, 2014, the trial court entered its order sustaining the demurrers to each cause of action without leave to amend. A judgment of dismissal was filed on July 29, 2014.

## IV.  DISCUSSION

### A.  *Threshold Issues*

#### 1.  Appealability

Although the parties have not addressed the issue of appealability, "since the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion." (*Olson v. Cory* (1983) 35 Cal.3d 390, 398; *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1413.) Ikeoka filed a notice of appeal from the "judgment of dismissal after an order sustaining a demurrer" on July 2, 2014. The judgment of dismissal was not actually entered until several weeks later, on July 29, 2014.

California Rules of Court, rule 8.104(d)(2) provides: "The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment." Additionally, the California Supreme Court has instructed that a notice of appeal " ' "shall be liberally construed in favor of its sufficiency." ' " (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20.) We will therefore exercise our discretion under California Rules of Court, rule 8.104(d)(2) to deem this appeal to have been taken from the July 29, 2014 judgment of dismissal.

#### 2.  Issues on Appeal

The trial court sustained the demurrers to all eight causes of action in the complaint without leave to amend in its April 18, 2014 order. On appeal, Ikeoka does not challenge the court's rulings with respect to the causes of action for violation of 18 U.S.C. 1962 (racketeering) and injunctive relief. "Courts will ordinarily treat the appellant's failure to raise an issue in his or her opening brief as a waiver of that challenge. [Citation.]" (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659,

4

685.)  We therefore determine that Ikeoka has forfeited any issues on appeal relating to the causes of action for violation of 18 U.S.C. 1962 (racketeering) and injunctive relief.

**B.  *Standard of Review***

The standard of review is well established.  On appeal from a judgment of dismissal after a demurrer is sustained without leave to amend, our review is de novo. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42 (*Committee for Green Foothills*).)  In performing our independent review of the complaint, we assume the truth of all facts properly pleaded by the plaintiff. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6 (*Evans*).)  "We also accept as true all facts that may be implied or reasonably inferred from those expressly alleged. [Citation.]" (*Rotolo v. San Jose Sports & Entertainment, LLC* (2007) 151 Cal.App.4th 307, 320-321, disapproved on another ground in *Verdugo v. Target Corp.* (2014) 59 Cal.4th 312, 334.)  Further, "we give the complaint a reasonable interpretation, and read it in context." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 (*Schifando*).)  But we do not assume the truth of " ' "contentions, deductions or conclusions of fact or law." ' " (*Evans*, *supra*, at p. 6.)

We also consider matters that may be judicially noticed and facts appearing in any exhibits attached to the complaint.  (Code Civ. Proc., § 430.30, subd. (a)[2]; *Schifando, supra,* 31 Cal.4th at p. 1081; *Blank*, *supra*, 39 Cal.3d at p. 318; *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 225, fn. 1.)  After reviewing the allegations of the complaint, the complaint's exhibits, and the matters properly subject to judicial notice, we exercise our independent judgment as to whether the complaint states a cause of action as a matter of law.  (See *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

---

[2] All statutory references hereafter are to the Code of Civil Procedure unless otherwise indicated.

We will apply this standard of review to determine whether the trial court properly sustained defendants' demurrers.

## C. *Breach of Contract*

In the first cause of action, captioned "breach of express agreement," Ikeoka alleges that defendants breached the adjustable rate note by increasing her minimum monthly payment four years after she entered into the deed of trust, which was one year before the payments were scheduled to change under the terms of the adjustable rate note. Ikeoka further alleges that defendants breached the deed of trust and the "[p]ooling and [s]ervicing [a]greement" by improperly assigning and transferring the beneficial interest in the deed of trust.

On appeal, Ikeoka argues that she has sufficiently pleaded a breach of contract cause of action by alleging that defendants raised her minimum monthly payments more than one year before the payments were scheduled to change under the express terms of the adjustable rate rider. She also argues that the cause of action is "not time-barred because she was prevented from discovering such breach until she sought legal counsel to assist with her defense against the foreclosure action . . . ."

Defendants maintain that the trial court properly sustained the demurrer because the cause of action for breach of contract is barred under the four-year limitations period for contract claims provided by section 337, subdivision (1). They point out that Ikeoka alleges that Chevy Chase Bank breached her loan agreement on or before August 2008 by demanding that she make a monthly payment of $6,843.11 rather than the monthly payment of $5,694.29 that she asserts was due for the first five years of the loan. Since Ikeoka did not file her complaint until November 2013, more than five years later, defendants argue that her complaint was untimely filed under section 337, subdivision (1).

Alternatively, defendants argue that the complaint fails to allege a cause of action for breach of contract because there is no allegation that the loan balance was less than

6

110 percent of her original balance when her minimum monthly payments increased in August 2008. Defendants construe the adjustable rate rider to provide that whenever the principal loan balance exceeds 110 percent of the original loan balance, Ikeoka's minimum monthly payments will increase.

Our review is governed by the following standard: " ' "A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. [Citation.] In order for the bar . . . to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint [and matters subject to judicial notice]; it is not enough that the complaint shows that the action may be barred. [Citation.]" [Citation.]' [Citation.]" (*Committee for Green Foothills, supra,* 48 Cal.4th at p. 42; accord, § 430.30, subd. (a).)

The relevant statute of limitations in the present case is section 337, subdivision (1), which provides a four-year limitations period for breach of contract claims, as follows: "Within four years: 1. An action upon any contract, obligation or liability founded upon an instrument in writing . . . ." A cause of action for breach of contract generally " 'accrues at the time of breach regardless of whether any substantial damage is apparent or ascertainable.' " (*Ram's Gate Winery, LLC v. Roche* (2015) 235 Cal.App.4th 1071, 1084.)

The face of Ikeoka's complaint shows that the section 337, subdivision (1) four-year limitations period accrued in August 2008 when defendants allegedly breached the adjustable rate note by increasing Ikeoka's minimum monthly payments more than one year sooner than the payments were scheduled to increase under the terms of the note. Because Ikeoka did not file her complaint until November 2013, more than five years after her cause of action accrued in August 2008, the cause of action for breach of contract is necessarily time-barred under section 337, subdivision (1).

We are not convinced by Ikeoka's argument that the discovery rule applies and therefore the cause of action for breach of contract is not time-barred under section 337,

subdivision (1). Ikeoka asserts that the breach of contract action did not accrue until an unspecified later date when she consulted an attorney with regard to a foreclosure defense and learned that the adjustable rate note had been breached. It has been held that for " 'certain, rather unusual breach of contract actions,' 'the discovery rule may be applied to breaches which can be, and are, committed in secret and, moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time.' [Citation.]" (*NBCUniversal Media, LLC v. Superior Court* (2014) 225 Cal.App.4th 1222, 1233, fn. omitted.)

Ikeoka has not, and cannot, allege that the breach of contract in this case was committed in secret, in light of her express allegations that the contract was breached when she received a letter from Chevy Chase Bank in August 2008 that stated that her increased monthly mortgage payment in the amount of $6,843.11 was due on August 1, 2008. We therefore conclude that the face of the complaint shows that the cause of action for breach of contract is necessarily time-barred and the trial court properly sustained the demurrer.

**D.** ***Breach of the Covenant of Good Faith and Fair Dealing***

Ikeoka alleges that defendants breached the covenant of good faith and fair dealing by raising the minimum monthly mortgage payment "before the five-year fixed rate term had expired," thereby "making it impossible for [her] to carry out her obligations under the Deed of Trust."

Ikeoka contends that these allegations are sufficient for a cause of action of breach of the covenant of good faith and fair dealing because she alleges that defendants "set up loan and interest terms that would necessarily have triggered a premature payment change increase and deprived [her] of the benefit she believed she was contracting for, namely the fixed payment for the first 60 months in the life of her loan."

Defendants respond that the trial court properly sustained the demurrer because the cause of action for breach of the covenant of good faith and fair dealing, like the

8

breach of contract cause of action, is barred under the four-year limitations period for contract claims provided by section 337, subdivision (1). Defendants also argue that when the adjustable rate rider is properly construed, there can be no breach because its terms provide that whenever the principal loan balance exceeds 110 percent of the original loan balance, Ikeoka's minimum monthly payments will increase.

We determine that the cause of action for breach of the covenant of good faith and fair dealing is time-barred under section 337, subdivision (1). "An allegation of breach of the implied covenant of good faith and fair dealing is an allegation of breach of an 'ex contractu' obligation, namely one arising out of the contract itself. The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purposes." (*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 690.)

Accordingly, a cause of action for breach of the implied covenant of good faith and fair dealing is subject to the four-year statute of limitations provided by section 337, subdivision (1) where, as here, the cause of action is based on contract. (*Krieger v. Nick Alexander Imports, Inc.* (1991) 234 Cal.App.3d 205, 220 (*Krieger*); see also *Ladd v. Warner Bros. Entertainment, Inc.* (2010) 184 Cal.App.4th 1298, 1309, fn. 7.) Absent a fiduciary relationship or a statutory scheme that imposes a duty to disclose, a cause of action for breach of the covenant of good faith and fair dealing accrues on the date of the breach. (*Krieger*, *supra*, at pp. 221-222.)

Here, Ikeoka has not alleged a statutory scheme imposing a duty to disclose that would prevent accrual of the four-year limitations period provided by section 337, subdivision (1) in August 2008, the date that defendants allegedly breached the adjustable rate rider by prematurely raising the minimum monthly payment. Moreover, "it is established that absent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender. [Citations.]" (*Oaks Management Corporation v. Superior Court* (2006) 145 Cal.App.4th 453, 466.)

9

We therefore determine that since Ikeoka's complaint was not filed until November 2013, more than five years after the alleged breach in August 2008, the cause of action for breach of the covenant of good faith and fair dealing is necessarily time-barred under section 337, subdivision (1) and the trial court properly sustained the demurrer.

### E. *Wrongful Foreclosure*

In the cause of action for wrongful foreclosure, Ikeoka alleges that the foreclosure proceedings that were initiated by Quality Loan in 2011 when it recorded a notice of default are wrongful because Quality Loan "was not the true holder of beneficial interest under [her] Deed of Trust at that time" and therefore Quality Loan was not the "entity authorized to invoke the power of sale under [her] Deed of Trust." Ikeoka further alleges that Quality Loan was not the true holder of a beneficial interest due to improper and invalid transfers of the interest in her mortgage.

According to Ikeoka, these allegations are sufficient for a cause of action for wrongful foreclosure because she alleges that defendants lacked standing and authority to foreclose. Defendants reject this contention, asserting that Ikeoka cannot state a cause of action for wrongful foreclosure since she has not alleged that a foreclosure has taken place. We agree.

Even assuming, without deciding, that a cause of action for wrongful foreclosure may be stated on the theory that defendants lack legal authority to foreclose, Ikeoka's allegations are insufficient. We understand Ikeoka to rely on the decision in *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079 (*Glaski*), in which the appellate court determined that the plaintiff had "stated [a] cognizable claim for wrongful foreclosure under the theory that the entity invoking the power of sale . . . was not the holder of the [plaintiff's] deed of trust." (*Id.* at p. 1097, fn. omitted; but see *Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 743-744 (*Kan*) [California courts have criticized *Glaski*'s ruling that the plaintiff borrower has standing to require a foreclosing party to

10

demonstrate authority to foreclose]; *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 82 [same]; *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 511-512 (*Jenkins*) [same].)[3]

The decision in *Glaski* does not aid Ikeoka because it is inapplicable. In *Glaski,* unlike the present case, a nonjudicial foreclosure sale of the plaintiff's property had taken place before the wrongful foreclosure action was brought. (*Glaski, supra,* 218 Cal.App.4th at p. 1086.) We determine, as did the appellate court in *Kan*, that the *Glaski* decision therefore "has no direct applicability to this preforeclosure action." (*Kan*, *supra*, 230 Cal.App.4th at p. 745.)

Since Ikeoka has not alleged that a foreclosure sale of the Carmel property on which the deed of trust is recorded has taken place, she cannot state facts sufficient for a cause of action for wrongful foreclosure. We therefore conclude that the trial court did not err in sustaining the demurrer to this cause of action.

**F.** *Slander of Title*

In the cause of action for slander of title, Ikeoka alleges that defendants have published false statements that disparaged her title to the property because the assignments of a beneficial interest in the deed of trust, the substitution of trustee, the 2011 notice of default, and the notice of trustee's sale were invalid. She also alleges that

---

[3] The California Supreme Court has granted review of several decisions addressing the issue of whether the plaintiff borrower in an action for wrongful foreclosure on a deed of trust securing a home loan has standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void: *Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495 (*Yvanova*), review granted August 27, 2014, S218973; *Keshtgar v. U.S. Bank, N.A.* (2014) 226 Cal.App.4th 1201, review granted Oct. 1, 2014, S220012 [grant & hold for *Yvanova* ]; *Mendoza v. JPMorgan Chase Bank, N.A.* (2014) 228 Cal.App.4th 1020, review granted Nov. 12, 2014, S220675 [same]; *Boyce v. T.D. Service Co.* (2015) 235 Cal.App.4th 429, review granted July 15, 2015, S226267 [same].)

11

defendants acted with malice in recording the false documents and she has suffered pecuniary damages, including attorney's fees.

On appeal, Ikeoka argues very briefly that these allegations are sufficient to state a cause of action for slander of title because she has alleged that defendants published false statements that disparaged title to her property in reckless disregard of her rights.

Defendants respond that Ikeoka's failure to support her argument with legal authority and citations to the record constitutes a waiver of her claim of trial court error. Alternatively, defendants argue that Ikeoka has not stated a cause of action for slander of title because she has not alleged any facts to support her conclusory assertion of malice.

The elements of a cause of action for slander of title are well established. "Slander or disparagement of title occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes the owner thereof ' "some special pecuniary loss or damage." ' [Citation.] The elements of the tort are (1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss. [Citations.] If the publication is reasonably understood to cast doubt upon the existence or extent of another's interest in land, it is disparaging to the latter's title. [Citation.]" (*Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC* (2012) 205 Cal.App.4th 999, 1030.)

However, under Civil Code section 2924, subdivision (d)(1), the publication of the notices required as part of the nonjudicial foreclosure process is a publication that is protected by the qualified privilege set forth in Civil Code section 47, subdivision (c)(1).[4] (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 335-336 (*Kachlon*) [construing former Civil Code section 2924, subdivision (d)].) To overcome the qualified privilege, the plaintiff must also allege malice. In this context, "malice is defined as actual malice,

---

[4] Civil Code section 47, subdivision (c)(1) provides: "A privileged publication or broadcast is one made: [¶] . . . [¶] In a communication, without malice, to a person interested therein, (1) by one who is also interested."

meaning ' "that the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." ' [Citations.]" (*Kachlon*, *supra*, at p. 336.)

Although Ikeoka alleges that defendants' publication of the notices in the foreclosure process was not privileged because defendants recorded false documents that disparaged her title to property with reckless disregard for the truth, those conclusory allegations are insufficient to overcome the qualified privilege. " '[W]here the complaint discloses a case of qualified privilege, no malice is presumed and in order to state a cause of action the pleading must contain affirmative allegations of *malice in fact*.' [Citation.] . . . This is because 'the very privilege creates a presumption that the communication is used innocently and without malice. [Citations.]' [Citation.]" (*Lesperance v. North American Aviation, Inc.* (1963) 217 Cal.App.2d 336, 341, fn. omitted.)

In the absence of any factual allegations regarding malice, we determine that the trial court properly sustained the demurrer to the cause of action for slander of title.

## G. *Violation of Civil Code Section 2923.5*

In this cause of action, Ikeoka alleges that since defendants did not receive a valid transfer of the beneficial interest in her deed of trust, they could not comply with the former Civil Code section 2923.5 requirement that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)." (Former Civ. Code, § 2923.5, subd. (a)(1).) She further alleges that the declaration of compliance attached to the 2011 notice of default is therefore not a "true statement of compliance."

Ikeoka's argument on appeal, in its entirety, is that these allegations are sufficient to state a cause of action for violation of Civil Code section 2923.5 because defendants

"never received a valid transfer of beneficial interest to [deed of trust] and, as such, did not have the authority to foreclose." We agree with defendants that Ikeoka's argument on appeal is not convincing.

It has been held that a private right of action may arise from a violation of the contact requirements of Civil Code section 2923.5. (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 221-224; see also *Skov v. U.S. Bank National Assn.*(2012) 207 Cal.App.4th 690, 699.) Thus, "[a] borrower may state a cause of action under [Civil Code] section 2923.5 by alleging the lender did not actually contact the borrower or otherwise make the required efforts to contact the borrower despite a contrary declaration in the recorded notice of default. [Citation.]" (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1494.)

Here, Ikeoka has not alleged that defendants failed to contact her as required by former Civil Code section 2923.5, subdivision (a)(1) when the notice of default was recorded in 2011. Moreover, she has provided no authority for the proposition that a lender's declaration of compliance with Civil Code section 2923.5 is ineffective to satisfy statutory requirements where the lender allegedly does not have authority to foreclose.

We therefore conclude that Ikeoka has failed to state facts sufficient for a cause of action for violation of Civil Code section 2923.5 and that the trial court properly sustained the demurrer to that cause of action.

**H.** *Violation of Business and Professions Code Section 17200 et seq.*

In the cause of action for violation of Business and Professions Code section 17200 et seq., Ikeoka alleges that defendants' actions were wrongful because they used false assignments of deed of trust, notice of default, and notice of trustee's sale in their attempt to foreclose on her property. Ikeoka further alleges that she "has suffered an injury in fact because a cloud has been placed on [her] title and her interest in the Subject Property has been placed in jeopardy by the impending wrongful foreclosure proceedings."

14

Ikeoka's argument on appeal is limited to asserting that her allegations that defendants recorded false documents are sufficient to constitute a violation of Business and Professions Code section 17200. Defendants maintain that Ikeoka failed to preserve this issue for appeal due to the absence of any citations to the record or relevant legal authority.

We will decide the issue on the merits. Under Business and Professions Code section 17200, there are "three different kinds of business acts or practices that may constitute unfair competition: the unlawful, the unfair, and the fraudulent. [Citations.]" (*Rose v. Bank of America, N.A.* (2013) 57 Cal.4th 390, 394.) "A claim made under [Business and Professions Code] section 17200 ' "is not confined to anticompetitive business practices, but is also directed toward the public's right to protection from fraud, deceit, and unlawful conduct. [Citation.] Thus, California courts have consistently interpreted the language of [Business and Professions Code] section 17200 broadly. " ' [Citations.]" (*Wilson v. Hynek* (2012) 207 Cal.App.4th 999, 1007.)

To bring a private action under Business and Professions Code section 17200 et seq. a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury,* and (2) show that at economic injury was the result of, i.e., *caused by,* the unfair business practice or false advertising that is the gravamen of the claim." (*Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 322; Bus. & Prof. Code, § 17204.) A cause of action under Business and Professions Code section 17200 et seq. "will survive a demurrer if the plaintiff can plead ' "general factual allegations of injury resulting from the defendant's conduct." ' [Citation.]" (*Jenkins*, *supra*, 216 Cal.App.4th at p. 521; see also *Daro v. Superior Court* (2007) 151 Cal.App.4th 1079, 1099 [causation prong of the standing test is not shown where "a complaining party would suffer the same harm whether or not a defendant complied with the law"].)

In *Jenkins,* the appellate court ruled that the complaint's allegations showed that the plaintiff's home was subject to nonjudicial foreclosure due to the plaintiff's default on her loan, which occurred prior to the defendants' alleged wrongful acts. The court determined that the plaintiff could not assert that her alleged economic injury of impending foreclosure was caused by the defendants' wrongful actions, and therefore she could not satisfy the causation prong of the test for standing to bring a private action under Business and Professions Code section 17200 et seq. (*Jenkins*, *supra*, 216 Cal.App.4th at pp. 522-523; see also *Graham v. Bank of America, N.A.* (2014) 226 Cal.App.4th 594, 614 (*Graham*) [no claim stated under Bus. & Prof. Code, § 17200 where nonjudicial foreclosure proceedings were the result of the plaintiff's default, not the alleged conduct of defendants].)

In the present case, Ikeoka's allegations in the complaint similarly fail to allege the causation prong of the test for standing to bring a private action for unfair competition under Business and Professions Code section 17200 et seq. The allegations show that the economic loss allegedly suffered by Ikeoka—a cloud on title and impending foreclosure—was caused by Ikeoka's default on her home loan, not by defendants' alleged wrongful conduct. (See *Graham*, *supra*, 226 Cal.App.4th at p. 614.)

We therefore determine that the trial court properly sustained the demurrer to the cause of action for violation of Business and Professions Code section 17200 et seq.

**I.** *Code of Civil Procedure section 472d*

We also find no merit in Ikeoka's contention that the judgment must be reversed because the trial court did not include the specific grounds for sustaining the demurrers in the court's April 18, 2014 order, as required by section 472d.

Section 472d provides that "[w]henever a demurrer in any action or proceeding is sustained, the court shall include in its decision or order a statement of the specific ground or grounds upon which the decision or order is based which may be by reference

16

to appropriate pages and paragraphs of the demurrer. [¶] The party against whom a demurrer has been sustained may waive these requirements."

Where, as here, the order does not include a statement of the grounds for sustaining the demurrer, "[t]he failure to state the court's reasons ' "must be considered harmless error . . . absent a demonstration of prejudice to plaintiff. [Citation.] The requirement of stated grounds is very useful as a guide when plaintiff wishes and is able to amend the complaint, but on appeal its importance is minimal since the ruling will be upheld on any sufficient ground, whether relied on by the court below or not. [Citation.]" ' [Citations.]" (*Lambert v. Carneghi* (2008) 158 Cal.App.4th 1120, 1128, fn. 4 (*Lambert*).) Moreover, in the absence of an objection by plaintiff or other notification to the trial court of its failure to state grounds as required by section 472d, the issue is forfeited on appeal. (See *Lambert, supra,* at p. 1128.)

In the present case, Ikeoka has not argued that she was prejudiced by the trial court's omission of a statement of grounds in the April 18, 2014 order sustaining the demurrers without leave to amend. She has also failed to show that she either objected to the defect or notified the trial court that its order did not comply with section 472d. We therefore determine that the trial court's failure to comply with section 472d was harmless and find no merit in Ikeoka's contention of reversible error. (See *Lambert*, *supra*, 158 Cal.App.4th at p. 1128, fn. 4.)

**J.** *Request for Leave to Amend*

Finally, Ikeoka argues that there was "at least a 'reasonable possibility' that any defects in her pleading could have been cured by amendment," and therefore the trial court abused its discretion in sustaining the demurrers to each cause of action without leave to amend. As we will discuss, Ikeoka's argument is insufficient to meet her burden on appeal.

The rules governing leave to amend the complaint are as follows: "If the court sustained the demurrer without leave to amend, as here, we must decide whether there is

17

a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect. [Citation.]" (*Schifando*, *supra*, 31 Cal.4th at p. 1081.)

"To satisfy that burden on appeal, a plaintiff 'must show in what manner he [or she] can amend his [or her] complaint and how that amendment will change the legal effect of his [or her] pleading.' [Citation.] The assertion of an abstract right to amend does not satisfy this burden. [Citation.] The plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary. [Citation]." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44 (*Rakestraw*).)

In her argument on appeal, Ikeoka fails to set forth any factual allegations that sufficiently state all of the elements of any cause of action. (See *Rakestraw*, *supra*, 81 Cal.App.4th at pp. 43-44.) We therefore conclude that Ikeoka has not met her burden on appeal to show that the complaint may be amended to state a cause of action and the trial court did not abuse its discretion in denying leave to amend.

## V. DISPOSITION

The judgment of dismissal is affirmed.

18

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MIHARA, J.

_____

GROVER, J.